# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Duhjuan L. Miller,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NV Energy and Mike Cole,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-00584-APG-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-2). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not properly assert sufficient facts, particularly regarding this Court's jurisdiction, it dismisses his complaint with leave to amend.

**I.      *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.     Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

### A. *The Court dismisses Plaintiff's complaint without prejudice.*

Plaintiff sues NV Energy, Inc. and Mike Cole, both of whom he asserts are citizens of Nevada. Under the question asking for the amount in controversy, Plaintiff does not provide an amount but refers to Section 29 of the Federal Reserve Act, which specifies civil penalties for member banks and institution-affiliated parties. Plaintiff alleges that he and NV Energy entered into a written contract on January 4, 2022 under which the parties were required to "purchase contract for security" and "Defendant would secur[e] contract for Plaintiff." Plaintiff alleges that NV Energy breached this contract by breaching its fiduciary duties, "adverse action," "duress pay," and "omit."

Plaintiff's complaint does not provide enough factual detail to establish jurisdiction or to constitute a claim on which relief can be granted. Regarding jurisdiction, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Generally, for the court to have original federal subject matter jurisdiction, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). For the Court to have federal question jurisdiction, the complaint must arise under federal law. 28 U.S.C. § 1331. As for diversity jurisdiction, under 28 U.SC. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States." 28 U.S.C. § 1332. Furthermore, the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, Plaintiff has filled out the complaint form for a civil case alleging breach of contract and specifying diversity jurisdiction. But, based on the complaint, Plaintiff is a citizen of Nevada along with both Defendants, meaning that the parties are not citizens of different states as required to establish diversity jurisdiction. Additionally, Plaintiff does not identify the amount in controversy, which is required to establish jurisdiction.

Additionally, Plaintiff's complaint lacks sufficient facts to establish breach of contract. To allege a claim for breach of contract under Nevada law, Plaintiff must allege: (1) formation of a valid contract; (2) performance or excuse of performance by Plaintiff; (3) material breach by Defendants; and (4) damages. *See May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (Nev. 2005) (basic contract principles require an offer and acceptance, meeting of the minds, and consideration); *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 135, 734 P.2d 1238, 1240 (Nev. 1987). "Specifically, 'failure to perform one's obligations within the express terms of an agreement constitutes a literal breach of contract.'" *Med. Providers Fin. Corp. II v. New Life Centers, L.L.C.*, 818 F.Supp.2d 1271, 1274 (D. Nev. 2011) (quoting *Saini v. Int'l Game Tech.*,

434 F.Supp.2d 913, 919–920 (D. Nev. 2006)).  However, Plaintiff has not adequately described the terms of his contract with NV Energy or how NV Energy broke that contract to state a claim.  Additionally, Plaintiff has not described Mike Cole's involvement in his breach of contract claim at all.  The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 2-2) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 2-2) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have until **July 3, 2023** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of this order.

DATED: June 5, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE